LOUISA FIELD v. WILLIS FIELD'S ADMR., ET AL.

Husband and Wife—Land Purchased by Husband Paid by Wife's Inheri
tances.

Where it is shown that lands purchased by a husband, no conveyance
haveing been made him, were settled by his purchose money bonds being
discharged by the wife relinquishing her interest in her father's estate,
held, between her and her husband's creditors, that the lands belonged
to the wife.

APPEAL FROM DAVIESS CIRCUIT COURT.

November 2, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

Willis Field died intestate at his residence in Daviess county,
and his administrator filed a petition in equity against his widow
heirs and creditors, alleging that he was the owner of considerable
personal estate, and several tracts of valuable land, all of which
would be required to pay his debts, and that the estate was
insolvent.  By an amended petition it is alleged that intestate
died possessed of several tracts of land.  One containing 194
acres conveyed by R. W. McFarland, the father of Mrs. Louisa
B. Field, to herself and husband, the said intestate, jointly; a
tract of 113 1-4 acres conveyed to him by Benj. Field; also a
tract of 110 acres purchased by intestate in his life time from
Griffith and Triplett, executors; the purchase money for which
had all been paid, but no conveyance had been made; and that
he owned a tract of 343 *acres* purchased at the sale of the real
estate of R. W. McFarland, deceased, under a "decree" of the
Deviess Circuit Court, rendered in the suit of William Moore,
Guardian v. Willis Field, and others, and it is alleged that
although the steps in said case were regular, and the intestate
had paid the purchase money, *the sale had never been confirmed,*
and no conveyance had been made to him for the land, and the
title was still in the heirs of said McFarland, one of whom was
Louisa B. Field, widow of intestate, the other heirs being Mrs.
M. Hill, wife of A. D. Hill, and the children of two of his
children who were dead.  The tract of 343 acres is claimed by

Mrs. Field, the widow, who in her answer alleges that it constituted a part of the real estate owned by her father at his death, and was not equal in value to her portion of his real estate descended to her, and that although her husband was the nominal purchaser of said tract at the sale of the real estate of her father, still he never paid of his own means one cent for it, but his bonds for the purchase money were satisfied by crediting them with so much of the amount due her for her part of the real estate descended to her from her father.

The court below adjudged that said 343 acre tract was a part of the real estate of Willis Field, deceased, and ordered a sale of the same, after ordering dower to be allotted to the widow out of the same, and from that judgment she has appealed.

From a statement of facts agreed in the case by the parties, a petition was filed by Moore, guardian, v. McFarland's Heirs, for a sale of his lands, that the land in controversy was purchased by Willis Field, husband of appellant, and paid for by charging the price to her as one of the heirs of R. W. McFarland, deceased. That no conveyance was ever made to Willis Field during his life, or to his heirs since his death, nor was a conveyance ever ordered.

From the very imperfect transcripts filed as part of this record it seems that there were two petitions filed at different times for the sale of the lands of R. W. McFarland, deceased; one in the name of William Moore, guardian, and others, against R. W. McFarland's Heirs; to this petition the name of Willis Field is signed as plaintiff, and his wife filed her answer, in which she consents to a sale of the real estate of her father, but prays that the proceeds be paid to the distributees of her father; the record does not show, however, that she made the same under privy examination, nor that it was ever sworn to by her; it is probable that the two actions were consolidated, but it does not appear that the sale to Field was ever even confirmed.

Mrs. Field alleges in her answer that her husband purchased the land for her, and for that reason the bonds executed by him for its price were discharged by the money coming to her, and it was a proper investment for her, and such as the court should have made, and would approve; and the evidence authorizes the conclusion that the purchase was made for her, as the sale was made in 1857, and no conveyance was ever applied for or made to her husband, although he did not die till 1863.

But by *section 4, Article 6, Chapter 86, 2 R. S., page 311,* it is provided that the court ordering a sale of a married woman's lands and slaves, shall cause the proceeds of the same to be reinvested in lands or slaves in or out of this State, subject to the same uses, limitations and trusts as the land or slaves sold were held; and section 5 provides: The descent or distribution of the proceeds, or of the property in which the proceeds of land or slaves sold under any decree of court, is invested, shall not be changed from what would have been the course and descent, or distribution, if no sale had been declared or made.

This court has repeatedly held that before a sale made by a commissioner has been confirmed, the chancellor has complete control over it, and until it is approved it amounts to nothing more than a proposition to purchase, which the court may accept or reject at its discretion, so that if this sale, was never confirmed, the chancellor might do so, and require the money to be reinvested in real estate; or even if it had been approved, and no conveyance made, before he would order a conveyance, he would see that the money was reinvested as provided for in sections 4 and 5 *supra.*

In this case, as the bonds for the purchase money were satisfied by Mrs. Field's portion of the estate coming to her as heir to her father—and no provision was made for her, as she has elected to take the land, she has a clear right under the statute to have it. Her money paid for it, and she has a clear equitable right to it, independent of any statute.

Wherefore, the judgment is reversed, and the cause remanded, with directions that a commissioner be appointed to convey said tract of 343 acres to her on the part of R. W. McFarland's heirs. As to the other tracts conveyed to herself and husband, and which she is entitled to by survivorship, no question is made in reference to it.

*Harlan & Newman, Haynes & Little, for appellant.*

*Sweeney & S., Ray & H., for appellees.*